UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA L. BAKER,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF SEATAC, et al.,<br><br>         Defendants. | CASE NO. C12-1985JLR<br><br>ORDER ON CITY COUNCIL DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Currently before the court is Defendants Barry Ladenburg, Rick Forschler, Terry Anderson, Tony Anderson, Dave Bush, Pam Fernald, and Mia Gregerson's motion to dismiss Plaintiff Cynthia L. Baker's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. (Dkt. # 14).) Defendants are all city council members for the City of SeaTac, Washington. (Compl. (Dkt. # 1) ¶¶ 1.4-1.10.) Ms. Baker opposes the motion in part. (Resp. (Dkt. # 20).)

ORDER- 1

Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS Defendants' motion to dismiss (Dkt. # 14).

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case is a dispute over the city's termination of Ms. Baker's employment. The City of SeaTac employed Ms. Baker from February 2011 to August 2012 as its Director of the Department of Community and Economic Development. (Compl. ¶¶ 3.1-3.2.) On March 20, 2012, Defendant Todd Cutts,[1] the city manager, and the city's human resources director, Anh Hoang,[2] commenced a series of meetings with Ms. Baker. (*Id.* at ¶ 3.7.) Ms. Baker states that Mr. Cutts and Ms. Hoang did not inform her that there were any specific issues with her performance during these meetings. (*Id.*)

On April 12, 2012, Mr. Cutts placed Ms. Baker on administrative leave. (*Id.* at ¶ 3.10.) After conducting an investigation, Mr. Cutts sent Ms. Baker a notice of misconduct on July 17, 2012. (*Id.* at ¶ 3.11.) The notice afforded Ms. Baker an opportunity to rebut the charges against her. (*Id.*) Ms. Baker states that she provided the city with a "point-by-point rebuttal" of the charges. (*Id.* at ¶ 3.12.) On August 8, 2012, Mr. Cutts notified Ms. Baker that the city was terminating her employment, effective immediately. (*Id.*) On August 15, 2012, Ms. Baker, through her attorney, appealed her termination to the city council and requested a post-termination review. (*Id.* at ¶ 3.13.)

---

[1] Mr. Cutts did not join the instant motion to dismiss.

[2] Ms. Hoang is not a defendant in this case.

The city attorney rejected Ms. Baker's requests, allegedly informing Ms. Baker that the city's "post-termination process is the judicial process." (*Id.* at ¶ 3.14.)

Ms. Baker's complaint alleged (1) a 42 U.S.C. § 1983 claim for violation of her procedural due process rights under the 14th Amendment of the United States Constitution; (2) violation of Article 1, Section 3 of the Washington Constitution; and (3) wrongful discharge under Washington law. (*See generally id.*) Ms. Baker named the City of SeaTac and Mr. Cutts, in his official and individual capacity, as defendants. (*See id.* at 1.) Neither Defendant is a party to the instant motion. (Mot. at 1.) Ms. Baker also named city council members Barry Ladenburg, Tony Anderson, Dave Bush, and Mia Gregerson as defendants in their official and individual capacity. (*See* Compl. at 1.) Ms. Baker named city council members Rick Forschler, Terry Anderson, and Pam Fernald as defendants solely in their official capacities. (*Id.*) Subsequent to Defendants' filing of the instant motion, Ms. Baker voluntarily dismissed her claim under the Washington State Constitution. (*See* 2/11/13 Notice (Dkt. # 24) at 1.) Ms. Baker also voluntarily dismissed her claims against all Defendant city council members in their official capacities, thereby removing Rick Forschler, Terry Anderson, and Pam Fernald from this action. (*See id.*). Thus, the question raised by the instant motion is whether to dismiss Ms. Baker's remaining 42. U.S.C. § 1983 and wrongful discharge claims against Mr. Ladenburg, Mr. Anderson, Mr. Bush, and Ms. Gregerson in their individual capacities.

### III. DISCUSSION

Defendants contend that Ms. Baker has not alleged any causal connection between Defendants' actions and the alleged constitutional violation. (Reply (Dkt. # 25) at 3.)

1  Ms. Baker cannot, as a matter of law, establish that Defendants caused the alleged

2  depravation of her constitutional rights because the individual city council members

3  lacked authority under state law to grant Ms. Baker post-termination due process.[3]

4  Section 1983 of Title 42 states that: "Every person who, under color of any

5  statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

6  Columbia, subjects, or causes to be subjected, any citizen of the United States . . .

7  deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

8  shall be liable to the party injured." 42 U.S.C. § 1983.  To state a valid claim under

9  Section 1983, the plaintiff must establish that the defendant was the proximate cause of

10  the alleged constitutional violation.  *See Martinez v. State of Cal.*, 444 U.S. 277, 285

11  (1980) (holding that there is no § 1983 liability where the alleged violation is "too

12  remote" from the defendants' alleged conduct).

13  Here, Defendants could not have proximately caused the alleged deprivation of

14  Ms. Baker's procedural due process rights.  Neither the city council as a whole, nor its

15  individual members, could have granted Ms. Baker's request.  The City of SeaTac is a

16  non-charter code city, with a council-manager form of government.  (Mot. at 2.)  Under

17  this form of municipal government, a city council has legislative authority over city

18  affairs, "except insofar as such power and authority is vested in the city manager." RCW

19  35A.13.230.  The City of SeaTac has vested authority over employment-related decisions

---

[3] Defendants and Ms. Baker both attach declarations to their briefing. (*See* Blakney Decl. (Dkt. # 15); Baker Decl. (Dkt. # 22).)  Defendants object to inclusion of Ms. Baker's declaration. (*See* Reply (Dkt. # 25) at 2).  The court does not consider the declarations and exhibits of either party in deciding this motion, so Defendants' objection is moot.

to its city manager. *See* SeaTac Municipal Code 2.65.010 (granting the city manager "authority to administer personnel matters of the city"); RCW 35A.13.080 (specifying that the city manager has authority over employment related decisions in non-charter code cities). If Defendants had granted Ms. Baker's request, they would have violated state law: "Neither the council, nor any of its committees or members shall direct or request the appointment of any person to, or his or her removal from, office by the city manager." RCW 35.18.110; *see also Citizens for Des Moines, Inc. v. Peterson*, 106 P.3d 290, 294 (Wash Ct. App. 2005) (holding that an individual city council member could not award a contract because, by doing so, he would violate RCW 35.18.110 by directing the administrative decisions of the city's employees).

Defendants are legislators, not administrators; they had no power to grant or deny Ms. Baker due process. Accepting Mr. Baker's allegations as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and assuming she has properly stated a due process violation, the individual city council members nevertheless did not proximately cause the violation.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 14).

Dated this 5th day of March, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 5